NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 17 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KULDEEP SINGH, | No.    17-71254 |
| Petitioner, | Agency No. A201-232-245 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 13, 2019**
Seattle, Washington

Before: HAWKINS and McKEOWN, Circuit Judges, and PRATT,*** District Judge

Kuldeep Singh, a native and citizen of India, seeks review of the Board of

Immigration Appeals' ("BIA") order dismissing his appeal from the Immigration

---

\*   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\***   The Honorable Robert W. Pratt, Senior United States District Judge for the Southern District of Iowa, sitting by designation.

Judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

Reviewing the IJ's reasoning and the BIA's determination[2] under "the highly deferential 'substantial evidence' standard," substantial evidence supports the agency's determination that there had been a fundamental change in circumstances in India such that Singh no longer had a well-founded fear of persecution on account of his political opinion. *See Singh v. Holder*, 753 F.3d 826, 830 (9th Cir. 2014) (quoting *Zetino v. Holder*, 622 F.3d 1007, 1012 (9th Cir. 2010)). Both the BIA and IJ recognized that Singh sought asylum[3] based on his membership in the Shiromani Akali Dal (Amritsar) party ("SAD"), also known as the SAD-Mann party, which advocates for an independent state for Sikhs called Khalistan. At the time Singh fled India, he faced persecution by the then-ruling Congress party because he was a SAD-Mann member and active volunteer for the party. Since then, leadership in Punjab

---

[1] Singh is now proceeding *pro se* (Dkt. # 36, 37).

[2] *See Flores-Lopez v. Holder*, 685 F.3d 857, 861 (9th Cir. 2012) (where the BIA's decision relies in part on the IJ's reasoning, both are reviewed).

[3] Singh's appeal is limited to the agency's denial of his asylum claim, not withholding of removal or CAT protection.

2

changed: the SAD-Badal party, which protects Sikh interests, rose to become the ruling party in coalition with the Bharatiya Janata Party ("BJP").[4]

Indeed, country reports, articles, and other relevant documents examined by the IJ and BIA reveal no recent persecution or mistreatment of SAD-Mann party members; for example, a 2012 report by the Law Library of Congress for the U.S. Department of Justice on the persecution of the SAD-Mann party notes that "[r]elations between the Congress party and the Sikh community . . . appear to have improved significantly." This country conditions evidence, applied to Singh's individual circumstances as an unpaid volunteer and junior SAD-Mann member, led the IJ and BIA to conclude that Singh would be unlikely to experience the type of harm he suffered in the past, and we find no reason to disturb this conclusion. *See id.* at 831–37.

**PETITION FOR REVIEW DENIED.**

---

[4] We do not consider Singh's secondary argument that the BIA's decision is not supported by substantial evidence because a month before it was issued, the Congress party won election in Punjab. Our review is limited to the administrative record upon which the order of removal is based, 8 U.S.C. § 1252(b)(4)(A); *Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc), and Singh did not seek to supplement or reopen the record for further factfinding based on the election's outcome, or move for reconsideration after the BIA issued its opinion. *See Gomez-Vigil v. INS*, 990 F.2d 1111, 1116 (9th Cir. 1993) (detailing procedures for additional factfinding). Singh had ample opportunity to request the BIA take notice of this change but did not; we will not remand on these grounds. *Fisher*, 79 F.3d at 964.